NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FR. AKASH C. PAUL,<br><br>                        **Plaintiff,**<br><br>        v.<br><br>**NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,**<br><br>                        **Defendant.** | Civ. No. 17-6343 (KM)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

    Akash C. Paul brings this *pro se* action pursuant to 42 U.S.C. § 405(g) to review a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–34. The Administrative Law Judge ("ALJ") determined that Mr. Paul was not disabled under the Act and was therefore ineligible for DIB. The Social Security Administration ("SSA") Appeals Council denied review, rendering the ALJ's decision a final, reviewable decision. Mr. Paul filed this action challenging the ALJ's determination that he was not disabled. For the reasons set forth below, the decision of the ALJ is affirmed.

    **I.    BACKGROUND**[1]

    On October 16, 2012, Mr. Paul filed a Title II application for a period of disability and DIB, alleging a disability onset date of April 1, 2009. (R. 22). The

---

[1]    Citations to the record are abbreviated as follows:

    "DE" = Docket entry in this case

claim was denied initially on April 26, 2013, and denied again upon reconsideration on November 18, 2013. (*Id.*). Mr. Paul then filed a written request on January 13, 2014 for a hearing with an ALJ. (*Id.*). Mr. Paul appeared and testified at a hearing on February 18, 2016 in front of ALJ Dennis O'Leary, in which the claimant was represented and an impartial vocational expert ("VE") was present. (*Id.*).

ALJ O'Leary determined in an opinion dated March 16, 2016 that Mr. Paul was not disabled, within the meaning of Sections 216(i) and 223(d) of the Act, between the alleged onset date and the date of the opinion. (R. 22-33). On June 27, 2017 the SSA Appeals Council denied Mr. Paul's request for review, making ALJ O'Leary's decision the final decision of the Commissioner. (R. 1-10).

Mr. Paul filed a complaint with this Court on August 22, 2017, seeking modification of the ALJ's decision. (DE 1). Specifically, Mr. Paul challenges certain aspects of the ALJ's decision as not being supported by substantial evidence. (*See* Pl. Br.). Mr. Paul's last insured date for DIB purposes was June 30, 2016; therefore, in order to be eligible for DIB, Mr. Paul had to establish disability on or before that date. (R. 22). 42 U.S.C. §§ 423(a), (c); 20 CFR §§ 404.101(a), 404.131(a).

## II. DISCUSSION

To qualify for DIB, a claimant must meet income and resource limitations and show that he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted (or can be expected to last) for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382, 1382c(a)(3)(A) & (B); 20 C.F.R. § 416.905(a); *see Illig v.*

---

"R. _" = Administrative Record (DE 11) (The cited page numbers correspond to the number found in the bottom right corner of the page for all DE 11 attachments)

"Pl. Br." = Brief in Support of Plaintiff Akash Paul (DE 14)

"SSA Br." = Social Security Administration Secretary's Opposition Brief (DE 16)

2

*Comm'r Soc. Sec.*, 570 F. App'x 262, 264 (3d Cir. 2014); *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 503 (3d Cir. 2009).

### A. The Five-Step Process and This Court's Standard of Review

Under the authority of the Social Security Act, the Social Security Administration has established a five-step evaluation process for determining whether a claimant is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. This Court's review necessarily incorporates a determination of whether the ALJ properly followed the five-step process prescribed by regulation. The steps may be briefly summarized as follows:

**Step One:** Determine whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, move to step two.

**Step Two:** Determine if the claimant's alleged impairment, or combination of impairments, is "severe." *Id.* §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment, move to step three.

**Step Three:** Determine whether the impairment, or combination of impairments, meets or equals the criteria of any impairment found in the Listing of Impairments. 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A. (Those Part A criteria are purposely set at a high level to identify clear cases of disability without further analysis.) If the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of a listing and meets the duration requirement (20 CFR 404.1509 and 416.909), the claimant is automatically eligible to receive benefits; if not, move to step four. *Id.* §§ 404.1520(d), 416.920(d).

**Step Four:** Determine whether, despite any severe impairment, the claimant retains the Residual Functional Capacity ("RFC") to perform past relevant work. *Id.* §§ 404.1520(e)–(f), 416.920(e)–(f). If the claimant has the RFC to do his or her past relevant work, the claimant is not disabled. If the claimant does not have the RFC to do his or her past relevant work, move to step five.

3

**Step Five:** At this point, the burden shifts to the Commissioner to demonstrate that the claimant, considering his or her age, education, work experience, and RFC, is capable of performing jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g); *see Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91-92 (3d Cir. 2007). If so, benefits will be denied; if not, they will be awarded.

As to all legal issues, this Court conducts a plenary review. *See Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). As to factual issues, the Court adheres to the ALJ's findings, as long as they are supported by substantial evidence. *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citing 42 U.S.C. § 405(g)). Where facts are disputed, this Court will "determine whether the administrative record contains substantial evidence supporting the findings." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (internal quotation marks and citation omitted); *Atl. Limousine, Inc. v. N.L.R.B.*, 243 F.3d 711, 718 (3d Cir. 2001). Substantial evidence "is more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Zirnsak*, 777 F.3d at 610 (internal quotation marks and citation omitted).

> [I]n evaluating whether substantial evidence supports the ALJ's findings ... leniency should be shown in establishing the claimant's disability, and ... the Secretary's responsibility to rebut it should be strictly construed. Due regard for the beneficent purposes of the legislation requires that a more tolerant standard be used in this administrative proceeding than is applicable in a typical suit in a court of record where the adversary system prevails.

*Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003) (internal quotation marks and citations omitted). When there is substantial evidence to support the ALJ's factual findings, however, this Court must abide by them. *See Jones*, 364 F.3d at 503 (citing 42 U.S.C. § 405(g)); *Zirnsak*, 777 F.3d at 610-11 ("[W]e are

mindful that we must not substitute our own judgment for that of the fact finder.").

This Court may affirm, modify, or reverse the Commissioner's decision, or it may remand the matter to the Commissioner for a rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984); *Bordes v. Comm'r of Soc. Sec.*, 235 F. App'x 853, 865-66 (3d Cir. 2007). Remand is proper if the record is incomplete, or if there is a lack of substantial evidence to support a definitive finding on one or more steps of the five-step inquiry. *See Podedworny*, 745 F.2d at 221-22. Remand is also proper if the ALJ's decision lacks adequate reasoning or support for its conclusions, or if it contains illogical or contradictory findings. *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119-20 (3d Cir. 2000). It is also proper to remand where the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted).

Because Mr. Paul is a *pro se* litigant, his filings with this Court are "entitled to a liberal construction." *See Booth v. Churner, C.O.*, 70 F. App'x 57, 58 (3d Cir.2003); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *Ray v. Colvin*, No. 13-CV-142, 2014 WL 809190, at *5 (D.N.J. Feb. 28, 2014). However, Mr. Paul was represented during his proceedings before the ALJ, so those proceedings are evaluated under the ordinary standards outlined above. (R. 22, 188). *See Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003) ("An ALJ owes a duty to a *pro se* claimant to help him or her develop the administrative record.").

### B. The ALJ's Decision

The ALJ followed the five-step process in determining that Mr. Paul was not disabled under the Act. His findings may be summarized as follows:

**Step One:** At step one, the ALJ determined that Mr. Paul had not engaged in substantial gainful activity since April 1, 2009, the alleged onset date of disability. (R. 24).

5

**Step Two:** At step two, the ALJ determined that since the alleged onset date of disability, Mr. Paul has had the following severe impairments: carpal tunnel syndrome, cervical disc herniation, and upper extremity radiculopathy. (20 CFR 404.1520(c)) (R. 24). The ALJ also concluded that Mr. Paul had the following non-severe impairments: diabetes mellitus, hyperlipidemia, and obesity. (R. 24). For the non-severe conditions, the ALJ noted that they were being managed medically and "should be amenable to proper control by adherence to recommended medical management and medication compliance." (*Id.*).

**Step Three:** At step three, the ALJ determined that the severe impairments listed above at Step Two do not meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526). (R. 25). The ALJ considered the medical listings at 1.02, 1.03, 1.04, 1.08, and 11.01, but reasoned that the medical evidence did not support findings equivalent in severity to the criteria of those listed impairments, either singly or in combination. (*Id.*).

**Step Four:** At step four, the ALJ determined that Mr. Paul has the RFC to perform sedentary work as defined in 20 CFR 404.1567(a). He is able to lift or carry up to 10 pounds, but he cannot lift his right arm overhead or do continual and repetitive head turns greater than 30 degrees off-center. Additionally, he is able to perform occasional fine fingering and manipulation bilaterally. (R. 25).

**Step Five:** Finally, the ALJ determined that Mr. Paul is unable to perform any of his past relevant work, which included jobs as an insurance and benefits clerk, an administrative clerk, and a mortgage loan processor. (R. 31). However, after considering Mr. Paul's age, education, work experience, and RFC, and relying in part on the testimony of the VE, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Mr. Paul can perform. (R. 32).

### C. Analysis of Mr. Paul's Appeal

Mr. Paul challenges the ALJ's decision on the following grounds: (1) the adequacy of the independent medical evaluation performed on him in November 2017; (2) three new medical records from 2017 and 2018, which Mr. Paul filed on the docket in front of this Court, that purportedly undermine the conclusion of the ALJ's opinion; and (3) the ALJ's conclusion is generally not supported by substantial evidence. (Pl. Br. at 1-3). I find each of these arguments unpersuasive.

The new medical records that supposedly undermine the conclusion of the ALJ date from Dec. 14, 2017, Feb. 6, 2018, and July 5, 2018. (DE 14-1, 14-2, 14-3). While they involve review of earlier records, they explicitly opine as to Mr. Paul's condition as of those dates in 2017 and 2018. (*See, e.g.,* DE 14-3 ("This is to notify you that the accepted conditions in your case have been updated.") The ALJ's decision was issued on March 16, 2016; the determination that Mr. Paul was not disabled under the Act applies to the period April 1, 2009 through March 16, 2016. If Mr. Paul believes that he was disabled in the period after March 16, 2016, the appropriate remedy is to file a new application for disability benefits with the Social Security Administration for that period. 20 CFR § 404.970; 42 U.S.C. § 405(g); *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996) (noting that new evidence "must relate to the period on or before the ALJ's decision"). I therefore do not consider these medical records, which relate to the period after the ALJ's decision.[2]

In the alternative, if these records were considered, they would not merit reversal or remand. They involve assessments by a separate government

---

2    This is not, by the way, Mr. Paul's first attempt to supplement the record in order to obtain a remand. Before the Appeals Council, he submitted a disability impairment questionnaire completed by Hadi Moten, M.D., dated November 18, 2015, as well as visit summaries from Steven S. Schiebert, D.O., and James F. Cozzarelli, M.D., dated April 7 and 22, 2016. The Appeals Council found that the Moten record would not change the outcome, and that the two latter records did not relate to the period of disability. It advised Mr. Paul that if he claimed disability after March 16, 2016, he would have to reapply. (R. 2)

7

agency from the SSA, *i.e.,* the U.S. Department of Labor Office of Workers' Comp Programs, relating to a wholly separate statutory scheme. Their conclusion thus pertain obliquely, if at all, to the SSA's disability determination. 20 CFR. § 404.1504 ("Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled or blind under our rules."). For similar reasons, the ALJ did not credit contemporaneous workers' compensation assessments. There is no reasonable probability that similar records, developed one to two years after the fact, would alter the outcome.

Overall, the ALJ's decision was supported by substantial evidence. The ALJ discussed and thoroughly considered the record, including the treating and examining doctors' notes, the state agency medical opinions, and Mr. Paul's testimony. (R. 25-31). The ALJ accurately noted that, with respect to his orthopedic impairments and with the exception of epidural injections, Mr. Paul had a relatively moderate treatment history, including medication and an elbow brace. (R. 532, 778-80, 986-87, 998). During most of his examinations, Mr. Paul was not in acute distress, he elected not to have shoulder surgery, and does not need a cane to ambulate. (R. 645, 647, 649, 651, 794-95, 856, 866-67, 940-41, 951, 954, 963, 965). During four visits to Dr. Rahil Patel, from November 2012 to May 2013, Mr. Paul claimed to be feeling well and was "without any specific complaints." (R. 643-51).

The ALJ described how Mr. Paul's daily activities and social interactions supported his RFC finding. (R. 29). Mr. Paul testified that he participates in errands, such as bringing his children to school and grocery shopping. (R. 62-63). He has been an ordained priest since May 2012. He stands when he leads services and prayer meetings on the weekends. (R. 29, 64-65). These facts, in the ALJ's estimation, tended to confirm that Mr. Paul can engage in a normal level of daily activity and social interaction. (R. 29). The ALJ appropriately concluded that many of the abilities required to perform these activities are

similar to those necessary for obtaining and maintaining employment, and that Mr. Paul's participation in such activities undermined the credibility of his allegations of disabling functional limitations. (R. 29).

The ALJ also appropriately gave weight to the opinions of the state agency physicians, who opined that Mr. Paul could perform a range of light work. (R. 29, 712-13). Additionally, the ALJ gave weight to the opinion of consultative examiner, Dr. Dyana Aldea, who opined that Mr. Paul could sit for four hours per day, stand for two hours, walk for two hours, and lift or carry up to ten pounds occasionally. (R. 30, 800-06).

## CONCLUSION

All in all, the ALJ's decision was supported by substantial evidence. The ALJ's March 16, 2016 decision is therefore affirmed. An appropriate order accompanies this opinion.

Dated: February 15, 2019

KEVIN MCNULTY
**United States District Judge**

9